977 F.2d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patricia WILLOUGHBY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-2368.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1992.
 
 Before KEITH, DAVID A. NELSON and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Patricia Willoughby appeals from the district court's affirmance of the Secretary's denial of her claim for disability benefits under Section II of the Social Security Act, as amended, 42 U.S.C. § 301 et seq. She argues that the Secretary's denial of benefits, and determination that she was capable of performing numerous jobs in the national economy, was not supported by substantial evidence.
 
 
 2
 Because we believe that the ALJ's decision of ineligibility was supported by substantial evidence, we shall affirm.
 
 
 3
 Patricia Willoughby was born on July 2, 1950, and was thirty-years-old when her insurance status expired for purposes of disability insurance benefits. She completed high school and took a brief course in keypunching and worked as a keypunch operator before she quit working. In 1987, she filed an application for disability insurance benefits, stating that she had become unable to work in 1984 due to a broken back, osteoporosis, asthma, Raynaud's disease, a heart condition, anxiety, and high blood pressure. Willoughby's application was denied both initially and on reconsideration. She appealed this decision and the Appeals Council remanded the ALJ's decision so that the ALJ could evaluate new evidence and take the testimony of a vocational expert. At the conclusion of this second hearing, the ALJ again found Willoughby ineligible. This decision was adopted by the Secretary.
 
 
 4
 After a careful review of the ALJ's decision, we find that his determination of ineligibility was supported by substantial evidence. While the petitioner has had a medical history of depression, substance abuse, and some emotional and psychiatric problems, the totality of the testimony taken by the ALJ demonstrates that the petitioner is capable of performing a number of jobs. The vocational expert testified that petitioner could perform jobs that require light, simple, repetitive, and unskilled work with minimal attention to detail and minimum concentration. He stated that there are 20,000 such jobs in Southeastern Michigan where Willoughby resides.
 
 
 5
 We are satisfied that the ALJ's determination of ineligibility is supported by substantial evidence, and we AFFIRM.